**UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND**

**IN ADMIRALTY**

FILED
2013 FEB 12 P 1:36
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

---

CITY OF NEWPORT, RHODE ISLAND, a Municipal Corporation,

CA 13 - 111 ML

                    Plaintiff,

- against -                    Case Number: _____

One 1993 15.54 Meter Sailing Vessel bearing the name CHA CHA and further identified as being a single masted steel yacht with a white hull and assigned British Registry Official Number 734178 and its engines, spars, gear, generators, electronics, tackle, interior appointments, contents, lines, appurtenances, bunkers, sails, etc., in rem, and DANCING WINDS, LTD., in personam,

                    Defendants.

---

### VERIFIED COMPLAINT

Plaintiff CITY OF NEWPORT, a Municipal Corporation (hereinafter "CITY OF NEWPORT") by and through its undersigned counsel, hereby files this Verified Complaint against One 1993 15.54 Meter Sailing Vessel bearing the name CHA CHA and further identified as being a single masted steel yacht with a white hull and assigned British Registry Official Number 734178 and its engines, spars, gear, generators, electronics, tackle, interior appointments, contents, lines, appurtenances, bunkers, sails etc., in rem (hereinafter collectively "VESSEL") and DANCING WINDS, LTD., in personam, alleging the following on information and belief:

## INTRODUCTION

1. This lawsuit is brought by the CITY OF NEWPORT seeking to foreclose on a maritime lien of trespass in connection with the VESSEL having been left unattended at anchorage and in violation of local ordinances as well as the orders of the CITY OF NEWPORT's harbormaster and further seeking to recover damages arising from the unlawful trespass.

## JURISDICTION AND VENUE

2. This is a case within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333, and is an admiralty or maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) - (3) as well as under the special venue considerations applicable to admiralty actions. *See, e.g.,* Muller Boat Works, Inc. v. Unnamed 52' House Barge, 464 F. Supp. 2d 127, 138 (E.D.N.Y. 2006) (stating "In admiralty and maritime actions, venue lies in any district in which valid service of process could have been made on the defendant.").

## PARTIES

4. Plaintiff CITY OF NEWPORT is a chartered Municipality of the State of Rhode Island and is empowered by the State of Rhode Island to control the public waters within its confines (such public waters hereinafter referred to as "Newport Harbor").

5. Defendant VESSEL is currently located and will be located in the State of Rhode Island and is and will be during the pendancy of process herein, within the District of Rhode Island and within the jurisdiction of the Court.

6. Upon information and belief, Defendant DANCING WINDS, LTD. is a foreign business entity and, upon information and belief, at all times material herein was and is the owner of the VESSEL as is reflected on the <u>Transcript of British Registry</u> attached hereto as Exhibit "A".

## FACTS COMMON TO ALL ALLEGATIONS

7. The CITY OF NEWPORT designates certain areas within Newport Harbor for anchoring and permits vessels to temporarily anchor free of charge in such areas.

8. Pursuant to authority vested in the CITY OF NEWPORT by the State of Rhode Island, the CITY OF NEWPORT has enacted multiple harbor ordinances providing, among other things, the rules and regulations pertaining to anchoring privately-owned vessels in Newport Harbor.

9. The CITY OF NEWPORT's Harbormaster is charged with the enforcement of harbor regulations, the movement of vessels, and assignment of moorings and anchoring.

10. On or around June, 2010, the VESSEL arrived in Newport, Rhode Island and anchored in Newport Harbor.

11. Thereafter, the VESSEL generally anchored in Newport Harbor during the summer season and wintered at a dock at one of the marinas located within Newport Harbor.

12. Beginning in or around December, 2011, the CITY OF NEWPORT became concerned by the VESSEL's continued anchorage in Newport Harbor in violation of various harbor ordinances. Among other things, the VESSEL had been at

anchor for an extended period of time, was unattended and was not displaying a current registration or a Marine Sanitation Device sticker.

13. The CITY OF NEWPORT ultimately issued numerous Ordinance Violations on an almost daily basis spanning December, 2011 through April, 2012, all of which were affixed to the VESSEL.

14. The Ordinance Violations were issued to an individual believed to be associated with the VESSEL and/or acting on the VESSEL owner's behalf.

15. The CITY OF NEWPORT prosecuted the Ordinances Violations it issued in the Newport Municipal Court and ultimately received an order from said Court allowing it to remove the VESSEL from its position at anchor.

16. The individual to which the Ordinance Violations were directed did not enter an appearance in any of the Ordinance Violation prosecutions nor did the VESSEL, the VESSEL's owner and/or anyone acting on their behalf enter an appearance.

17. At all times material herein, the VESSEL posed a significant safety hazard to the CITY OF NEWPORT and other private and public vessels as it was in a poor state of maintenance, inadequately anchored, unattended, ravaged by vandals and otherwise not cared for much less cared for in a seamanlike manner.

18. The conditions described herein created a situation whereby the VESSEL was in maritime peril, posed a hazard to navigation, posed a threat to public safety and the environment, and was likely to damage public or private property.

19. In addition, the conditions described herein violated the CITY OF NEWPORT's Code of Ordinances including, among others, Chapter 12.28.040

pertaining to the anchorage of vessels and Chapter 12.28.111 pertaining to wrecked, derelict and abandoned vessels.

20.   Accordingly, on or about July, 2012, the CITY OF NEWPORT retained the services of a professional towing company to tow the VESSEL to a haul-out facility whereat the VESSEL was hauled from the water and placed ashore on blocks and stands all at the CITY OF NEWPORT's expense.

21.   At all times material herein, the CITY OF NEWPORT advised the United States Coast Guard and the City of Newport Police Department of its intentions including the towing and haulage of the VESSEL as well as its location ashore.

## COUNT I

(In Rem Claim for the Maritime Tort of Trespass -- VESSEL)

22.   The CITY OF NEWPORT adopts and reasserts the allegations in all of the above paragraphs and further states:

23.   The CITY OF NEWPORT possesses a legal interest in and is otherwise charged with regulating the anchorage areas within Newport Harbor.

24.   For an approximate period of no less than six months, the VESSEL was unattended and at anchor in an anchorage area within Newport Harbor.

25.   For an approximate period of no less than six months, the VESSEL's presence in an anchorage area within Newport Harbor was contrary to the CITY OF NEWPORT's ordinances and was without the consent of the CITY OF NEWPORT.

26.   At no time complained of herein did the VESSEL possess a privilege allowing it to remain at anchor within Newport Harbor.

27. The VESSEL's presence in Newport Harbor as described herein was an unlawful trespass which caused the CITY OF NEWPORT to incur damages the full amount of which it shall prove at trial and which include, but are not limited to, the costs it incurred in removing the VESSEL from the anchorage to a haul-out facility, the charges associated with hauling and storing the VESSEL ashore, interest and attorneys' fees and costs.

28. As of the date of this Verified Complaint, the CITY OF NEWPORT possesses a maritime lien against the VESSEL for the full amount of the damages it incurred as a result of the VESSEL's unlawful trespass together with interest, costs and attorneys' fees.

### COUNT II

(In Personam Claim for the Maritime Tort of Trespass -- DANCING WINDS, LTD.)

29. The CITY OF NEWPORT adopts and realleges the allegations in all of the above paragraphs and further states:

30. The CITY OF NEWPORT possesses a legal interest in and is otherwise charged with regulating the anchorage areas within Newport Harbor.

31. For an approximate period of no less than six months, the VESSEL was unattended and at anchor in an anchorage area within Newport Harbor.

32. For an approximate period of no less than six months, the VESSEL's presence in an anchorage area within Newport Harbor was contrary to the CITY OF NEWPORT's ordinances and was without the consent of the CITY OF NEWPORT.

33. At no time complained of herein did the VESSEL possess a privilege allowing it to remain in an anchorage area within Newport Harbor.

34. DANCING WINDS, LTD. as owner and/or as possessing a pecuniary interest in the VESSEL is liable in personam for the damages incurred by the CITY OF NEWPORT arising from the VESSEL's unlawful trespass.

35. As a direct and proximate result of the VESSEL's unlawful trespass, the CITY OF NEWPORT has been and continues to be damaged in an amount to be determined at trial together with interest, costs and attorneys' fees.

36. In addition, the CITY OF NEWPORT was obliged to retain the undersigned law firm to protect and promote its interest hereunder and is responsible for paying the undersigned law firm its reasonable attorneys' fees and costs incurred herein which, together with the damages, interest and costs, it seeks to recover.

WHEREFORE, Plaintiff CITY OF NEWPORT prays:

(a) That Plaintiff be provided damages for the maritime tort of trespass in an amount to be shown at trial and not less than $10,000.00 as well as attorneys' fees and costs, and prejudgment and post-judgment interest;

(b) That a warrant for the arrest of the Defendant VESSEL issue and all persons claiming any interest in said VESSEL may be cited to appear and answer;

(c) That said maritime tort of trespass may be declared to be a valid lien against the VESSEL, and her engines, gear, generators, electronics, tackle, interior appointments, tenders, contents, appurtenances, bunkers, sails, etc. under and by virtue of the acts of Congress of the United States of America, and the general maritime law of the United States;

(d) That said lien may be foreclosed and a judgment entered in favor of the Plaintiff and against said VESSEL and the VESSEL's owner for the amount of its

indebtedness, with prejudgment and post-judgment interest and fees and costs, and the VESSEL including its engines, gear, generators, electronics, tackle, interior appointments, tenders, contents, appurtenances, bunkers, sails, etc. be condemned and sold to pay the demands and the claims of the Plaintiff, and that Plaintiff be permitted to bid the amount of its lien at the sale;

    (e)    That judgment be entered jointly and severally against the <u>in rem</u> and <u>in personam</u> defendants together with pre-judgment interest, attorneys' fees, and costs; and

    (f)    That the Plaintiff be provided such other, further and/or different relief as this Honorable Court deems just and appropriate.

// Signature Page Follows //

Dated:    Quonset Point, Rhode Island
         January 3\ 2013

                                             Respectfully submitted,

                                             Fulweiler llc

By:   _____
      John K. Fulweiler, Esq.
      Rhode Island Bar No.: 7876
      150 Airport Street, Second Floor
      Quonset Point, Rhode Island 02852
      401-667-0977 -- Telephone
      401-667-0979 -- Facsimile
      john@fulweilerlaw.com -- E-Mail
      www.saltwaterlaw.com

Joseph J. Nicholson, Jr., City Solicitor
Rhode Island Bar No.: 3164
City of Newport
43 Broadway
Newport, RI 02840
401-845-5300 -- Telephone
401-848-5750 -- Facsimile
JNicholson@cityofnewport.com -- E-Mail
*Co-Counsel on Behalf of Plaintiff City of Newport*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Timothy J. Mills, declare under penalty of perjury that the foregoing is true and correct:

I am the Harbormaster for the CITY OF NEWPORT and possess personal knowledge of the herein described facts as well as knowledge based on the file maintained by my office. I am authorized to make this Verification on behalf of CITY OF NEWPORT.

Under penalty of perjury, I declare that I have read the foregoing Verified Complaint and that the facts stated therein are true.

As for the statements I have made based on information and belief, I declare under penalty of perjury that the facts stated in it are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 28th, 2013

_____
Timothy J. Mills